United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILLIP VILLANUEVA, )  No. C 05-3821 MMC (PR)
              Plaintiff, )
                       )  **ORDER OF DISMISSAL WITH**
     v.                )  **LEAVE TO AMEND**
                       )
CORRECTIONAL OFFICER R. )
MONROY,                )
              Defendant. )
_____ )

Plaintiff, proceeding pro se and an inmate at Salinas Valley State Prison ("SVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983 against an SVSP guard, R. Monroy. In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**BACKGROUND**

Plaintiff alleges the following events in his complaint. In March 2005, he and four other inmates were attacked by a fifth inmate. SVSP guards arrived on the scene and told plaintiff and the other inmates to get on the ground. Plaintiff got on the ground, and while he was there, he was hit in the head with a baton, causing him to "black out." Although he was told that he needed medical attention immediately, none was provided. He claims he has dizziness, pain and tunnel vision as a result.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claim**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (elipsis in original) (internal quotation and citation omitted).

Although plaintiff sufficiently alleges he was subject to excessive force under the Eighth Amendment, he does not state a claim against Monroy, the only defendant named in the complaint.  Liability may be imposed on an individual defendant under section 1983, however, only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981); see also Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996) (holding defendant cannot be held liable based on membership in group, absent showing of his individual participation in unlawful conduct).  Here, plaintiff does not allege what Monroy did, or how Monroy might have caused or been involved in plaintiff's

receiving the head injury.  Consequently, plaintiff has failed to state a cognizable claim under § 1983.

Plaintiff will be given leave to amend the complaint to cure this deficiency, if he can do so in good faith.

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT correcting the deficiencies outlined above.  Plaintiff shall include in the caption both the case number of this action (No. C 05-3821 MMC (PR)), and the phrase "AMENDED COMPLAINT."

2. **The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.  If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.**

3. It is plaintiffs' responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: October 28, 2005

MAXINE M. CHESNEY
United States District Judge